**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Luis Adame FLORES, Ruben Munoz, and Mercado Gonzalez Chapa, Defendants-Appellants.**

No. 75–3560.

United States Court of Appeals, Fifth Circuit.

April 30, 1976.

Rehearing Denied May 26, 1976.

John J. Pichinson, H. E. Bower, Corpus Christi, Tex., for defendants-appellants.

Edward B. McDonough, Jr., U. S. Atty., Anna E. Stool, James R. Gough, Asst. U. S. Attys., Houston, Tex., for plaintiffs-appellees.

Before WISDOM, GODBOLD and LIVELY,* Circuit Judges.

* Of the Sixth Circuit, sitting by designation.

GODBOLD, Circuit Judge:

This is a border search case involving 205 pounds of marijuana found in the warrantless search of a Cadillac automobile. Appellants were convicted of conspiracy to possess the marijuana with intent to distribute and of possession of the marijuana. At approximately 3:45 p. m. on March 22, 1975, appellants Flores and Chapa and a nonappealing defendant, Garcia, traveling in a Ford car, crossed the border into Texas at Laredo. Suspicion was triggered by the reactions of a border dog trained to react to the smell of various contraband substances. The car was searched and marijuana seeds and leaves found in the rear seat and trunk. This marijuana is not the subject of the indictments involved in this case. A search of defendants produced a key to Room 9 of a motel in Roma, Texas. Roma, like Laredo, is a border town located on the United States side of the Rio Grande River. It is reached from Laredo by following U.S Highway 83 approximately 90 miles in a southeasterly direction. The highway generally parallels the Rio Grande between the two cities.

The three suspects were released but placed under, and kept under, surveillance. They arrived at the motel in Roma at approximately 6:15 p. m. Shortly thereafter one of the men left in the Ford, drove south on highway 83, picked up appellant Munoz, and returned to the motel. Later all four men left the motel and traveled to a nearby area where Munoz was let out of the car. The remaining three men returned to the motel. At approximately 10:00 p. m. a Cadillac parked alongside the Ford and the occupant entered Room 9. At approximately 10:20 p. m. packages were removed from the rear seat of the Ford to the trunk, and a spare tire was removed from the rear seat of the Cadillac to the rear seat of the Ford. At 10:45 p. m. the Ford left the motel. Officers stopped it approximately one-quarter mile away and arrested occupants Flores, Chapa and Garcia. A warrantless search was made of the car. It produced no

drugs other than the marijuana leaves and seed previously found.

Approximately two minutes after the Ford left the motel, agents arrested Munoz as he got into the Cadillac at the motel. The Cadillac was taken to the border entry point at Roma and there was searched without warrant. The 205 pounds of marijuana which is the subject of this case was found in the trunk.

There was adequate basis for a reasonable suspicion by the officers that the four men were involved in a narcotics transaction, although the precise nature of the transaction was not known. There were various possibilities: that in the Ford there was additional marijuana that had not been discovered at Laredo; that the parcels removed from the back seat to the trunk of the Ford contained marijuana or other contraband; that the spare tire removed from the rear seat of the Cadillac to the rear seat of the Ford contained narcotics; that the Cadillac spare tire was in the rear seat of the Cadillac rather than the trunk so as to make room in the trunk (or more specifically in the tire well) for something else; that the tire was transferred to the Ford so as to remove it from open view in the back seat of the Cadillac where its presence in this unusual location might trigger suspicion of the contents of the Cadillac trunk; that contraband either had been or was proposed to be transferred from one vehicle to the other in some manner not known or precisely foreseen by the officers.

The search of the Cadillac was a border search. The Cadillac was not known to have crossed the border. Several hours had elapsed since the Ford had crossed. Bearing in mind the overall nexus with the border, the geographical proximity of Roma to the border, the ongoing surveillance and the activities that had been observed, the contacts of the Cadillac and its occupant with a car, and its occupants, which had recently crossed the border, the search of the Cadillac was an extended border

search.[1] *U. S. v. Bowman,* 502 F.2d 1215 (C.A.5, 1974); *U. S. v. Storm,* 480 F.2d 701, 704 (C.A.5, 1973); *U. S. v. Newell,* 506 F.2d 401, 404 (C.A.5, 1975).

AFFIRMED.

---

1. No question is raised of when appellants Flores and Chapa could be found to be in possession of the marijuana found in the Cadillac. All defendants received concurrent sentences on the possession and conspiracy counts.